UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-mj-832 (ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAPHAEL RAYMOND NUNN, ) <br> ) <br> Defendant. ) | **ORDER OF DETENTION** |

This matter came before the Court on October 11, 2022, for a preliminary hearing and a hearing on the government's Motion for Detention, pursuant to 18 U.S.C. § 3142(f)(1). The Complaint, filed under seal on October 3, 2022, charges Mr. Nunn with Carjacking in violation of 18 U.S.C. § 2119. At the hearing, Mr. Nunn was present and represented by Charlie Clippert, Esq. The government was represented by Assistant United States Attorney Sarah Hudleston.

Before the hearing, pre-trial services interviewed Mr. Nunn and issued a report recommending detention, finding that Mr. Nunn presented a risk of non-appearance and a danger to the community.

At the hearing, Mr. Nunn, through counsel, exercised his right to a hearing on the matter of probable cause but waived his right to a hearing on detention,

1

subject to a motion to reopen if circumstances change. The government called FBI Special Agent Monica Evans as a witness and offered Government Exhibits 1 and 2, which were admitted for purposes of the hearing.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  The Court finds there is probable cause to believe that Mr. Nunn has committed the offense of Carjacking in violation of 18 U.S.C. § 2119, and Mr. Nunn is bound over to District Court pending charges by indictment. Specifically, the evidence supplied probable cause that:

On or about September 13, 2022, Mr. Nunn used what was or appeared to be a firearm to threaten and intimidate victim S.B.E. to force her into her car and to drive as he directed while he was in the backseat. After forcing S.B.E. to withdraw approximately $1500 from her debit and credit cards at a drive-through ATM, and taking $30 from her purse, Mr. Nunn directed S.B.E. to drive to Matthews Park in South Minneapolis. He told her to get out of the car and he drove the car to the other side of the park and left it there for her to retrieve once he was gone. Investigators gathered surveillance videos from local businesses that collectively showed Mr. Nunn getting out of the victim's car and walking to Cedar Food and Grill at 2600 Cedar Avenue South. While in the Cedar Food and Grill, video shows that he had removed the mask and hat he was wearing when he got

out of the victim's car and his face was fully visible. Multiple people familiar with Mr. Nunn identified him in that security video.

The Court also heard testimony that S.B.E.'s car, a Lexus, was manufactured outside the State and District of Minnesota; there is thus probable cause to believe that the car was transported, shipped, or received in interstate or foreign commerce.

2. Mr. Nunn made a knowing and voluntary waiver on the issue of detention. Based on that waiver, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Mr. Nunn and the safety of the community.

3. As set forth in 18 U.S.C. § 3142(f)(2)(B), Mr. Nunn may move to reopen the hearing if the Court "finds that information exists that was not known to [him] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Mr. Nunn] as required and the safety of any other person and the community."

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Nunn is required to appear for further proceedings;

2. Pursuant to 18 U.S.C. § 3142(e), the government's Motion for Detention of Mr. Nunn without bond is GRANTED;

3. Mr. Nunn is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. Mr. Nunn shall be afforded reasonable opportunity to consult privately with his lawyers; and

5. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Nunn is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

Dated: October 12, 2022

*s/Becky R. Thorson*
THE HONORABLE BECKY R. THORSON
United States Magistrate Judge
